JOHN S. KINSEY, PLAINTIFF-RESPONDENT, v. SOLOMON BUTZ ET AL., DEFENDANTS-APPELLANTS.

Submitted October term, 1925—Decided January 28, 1926.

Negligence—Injury to an Independent Operator Who, Upon Request, was Making an Estimate on Painting of a Building in Course of Construction—Question of Authority of Agent of Defendant to Request Estimate—Contributory Negligence Alleged—All Questions Were Properly Submitted to Jury.

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellants, *William P. Braun.*

For the plaintiffs, *William C. Gebhardt & Son.*

PER CURIAM.

The plaintiff had a verdict of $5,000 in an accident case. He fell through an unguarded opening of hole in the hallway of the second floor of the unfinished addition to the Hackettstown High School. The defendants are contractors of Allentown, Pennsylvania. A man by the name of Wayne Nester was their superintendent of the construction work at Hackettstown. The plaintiff, on the 22d of August, 1923, was injured. The day before, the plaintiff met Mr. Nester; they had a conversation in which Mr. Nester requested the plaintiff, Kinsey, to go into the building and look over the

painting work to be done on the interior of the unfinished building, and to make up an estimate as to what he would do the painting work for. He was then to meet Mr. Butz, one of the defendants, the following morning, to submit the estimate to him. It was while doing this that the plaintiff was injured. The defendants file forty-four grounds of appeal, which are argued under twenty-nine heads in the brief. The first and most important point made in the case is as to the authority of Mr. Nester, as superintendent of the construction work, to bind the defendants by an invitation to visit the unfinished building, for the purpose of making an estimate of the painting work, as being within the scope of his employment, either expressed or implied. This question was left clearly and sharply by the trial judge to the jury to determine as a fact from the evidence of the case, and, as we think, rightly, in view of the testimony of Alvin H. Butz, one of the defendants, at page 194 of the record. He testified as follows: "*Q.* And you did say to Mr. Nester that he should get a bid? *A.* That he should solicit bids; yes, sir. We told him that he should get a painting bid on this work. *Q.* That is before the accident? *A.* Before the accident. *Q.* And Mr. Nester was the superintendent? *A.* That is right. *Q.* He hired the men there? *A.* That is right. *Q.* Discharged the men and paid the men with the money that you supplied him with? *A.* Yes, sir. *Q.* And you authorized him to get bids on this work before the accident? *A.* Before the accident." True, at page 262, he testified that he authorized Mr. Nester to get the bids after the accident to the plaintiff. "*A.* Yes, sir, but I have refreshed by memory since, and it is after."

We find no error in the rulings of the trial court alleged as error in the grounds of appeal. The trial judge submitted to the jury all the controverted questions of fact, such as contributory negligence and the like in a clear and accurate charge for the jury to settle and determine all controverted questions.

Finding no error in the record, the judgment of the Warren County Circuit Court is affirmed.